UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| CHRISTOPHER COLLINS, | ) |
| | ) |
| Petitioner, | ) |
| | ) Case No. 2:13-cv-406-JMS-WGH |
| vs. | ) |
| | ) |
| DICK BROWN, | ) |
| | ) |
| Respondent. | ) |

**Entry and Order Dismissing Action**

**I.**

Chris Collins seeks a writ of habeas corpus with respect to a prison disciplinary proceeding identified as No. WVE 12-11-0104.

In the challenged proceeding, Collins was charged with and found guilty of possession/use of a controlled substance. The evidence favorable to the decision of the hearing officer, *see Henderson v. United States Parole Comm'n,* 13 F.3d 1073, 1077 (7th Cir. 1993), is that a drug screen of Collins' urine provided on November 5, 2012, tested positive for amphetamine and methamphetamine. The only challenge Collins makes is to the sufficiency of the evidence. The "some evidence" standard is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). Although the evidence before the hearing officer must "point to the accused's guilt," *Lenea v. Lane,* 882 F.2d 1171, 1175 (7th Cir. 1989), Αonly evidence that was presented to the Adjustment Committee is relevant to this analysis.@ *Hamilton v. O'Leary,* 976 F.2d 341, 346 (7th Cir. 1992).

The sole defect Collins identifies is that personnel at the testing laboratory did not sign at one space on a form. Every other feature of the testing, transmission, and analysis is consistent with the hearing officer's finding. In *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000), the Seventh Circuit Court of Appeals upheld a prison disciplinary board's decision to revoke good time credits from a prisoner based on a positive drug test, even though the board could not identify who tested the drugs nor confirm that the sample remained sealed throughout the chain of custody, stating: "It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision." *Id.* A reasonable adjudicator could readily have concluded that the urine sample was sent to the laboratory and that the sample provided the basis for the analysis which tested positive for the drugs noted above. Despite the absence of a signature on the form, therefore, the evidence here was constitutionally sufficient.

Collins' habeas petition shows on its face that he is not entitled to the relief he seeks. That petition is therefore denied and this action dismissed pursuant to Rule 4 of the *Rules Governing Section 2254 Cases in United States District Courts.*

## II.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 03/21/2014

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

CHRISTOPHER COLLINS  DOC 917715
Miami –CF
Miami Correctional Facility
Inmate Mail/Parcels
3038 West 850 South
Bunker Hill, IN 46914